IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SERGEI PORTNOY,

    Plaintiff,                    No. CIV S-06-2375 LKK GGH P

    vs.

US BANK NA, et al.,

    Defendants.             <u>ORDER TO SHOW CAUSE</u>

                              /

        Plaintiff is proceeding pro se and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302(c)(21).

        Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

        Plaintiff's complaint was filed with the court on October 27, 2006. The court's own records reveal that plaintiff filed another action on September 3, 2004 which contained most of the same allegations against US Bank. Although this case adds the United States as an additional defendant not named in that prior case, the claims are almost the same. (No. Civ. S-

1 04-1850 DFL DAD PS).[1]  The earlier action was terminated in defendant's favor on summary

2 judgment, and the Court of Appeals for the Ninth Circuit affirmed the judgment.  Unless plaintiff

3 can show that the present action is not subject to res judicata, the court will recommend that the

4 complaint be dismissed.

5         Under the doctrine of res judicata, "'[a] final judgment on the merits bars a

6 subsequent action between the same parties or their privies over the same cause of action.'"  The

7 Fund for Animals, Inc. v. Lujan, 962 F.2d 1391, 1398 (9th Cir. 1992), quoting Davis & Cox v.

8 Summa Corp., 751 F.2d 1507, 1518 (9th Cir. 1985).  The doctrine of res judicata consists of two

9 concepts, issue preclusion, or collateral estoppel, and claim preclusion, or res judicata.  Migra v.

10 Warren City School District Board of Education, 465 U.S. 75, 77 n.1 (1984).  "Issue preclusion

11 [collateral estoppel] refers to the effect of a judgment in foreclosing relitigation of a matter that

12 has been litigated and decided."  Id.  "Claim preclusion [res judicata] refers to the effect of a

13 judgment in foreclosing litigation of a matter that never has been litigated, because of a

14 determination that it should have been advanced in an earlier suit."  Id.  "Claim preclusion [res

15 judicata] bars the assertion of any theory of recovery that could have been asserted in the first

16 action."  Fund for Animals, at 1398, citing Robi v. Five Platters, Inc., 838 F.2d 318, 322 (9th Cir.

17 1988).

18         Based on the principle of res judicata, the instant complaint may be barred.

19 Plaintiff will have the opportunity to show why it should not be dismissed.

20 \\\\\

21 \\\\\

22 \\\\\

23 \\\\\

24 \\\\\

---

[1] A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1 | In accordance with the above, IT IS HEREBY ORDERED that:

2 | 1. Plaintiff's request for leave to proceed in forma pauperis is granted.

3 | 2. Plaintiff shall show cause in thirty days why his complaint should not be

4 | dismissed for the reasons stated above.

5 | DATED: 12/15/06

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

7 | GGH:076
Portnoy2375.dup.wpd