IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SERGEI PORTNOY,

    Plaintiff,                                     No. CIV S-06-2375 LKK GGH PS

    vs.

US BANK NA, et al.,

    Defendants.                            <u>ORDER TO SHOW CAUSE</u>

_____/

        Plaintiff is proceeding pro se and in forma pauperis. On December 15, 2006, this court issued an order to show cause why the complaint should not be dismissed based on res judicata, as it appeared that plaintiff had filed a previous action containing most of the same claims against US Bank. (No. Civ.S-04-1850 DFL DAD PS). Plaintiff responded to the order, claiming that the instant case contained new claims, that the motion for summary judgment in the previous case was based on fraud, and that the findings and recommendations in that case were erroneous and based on mathematical mistakes.

        Plaintiff has now filed an amended complaint which contains additional claims. Although this action may be barred vis a vis US Bank based on the principle of res judicata, the analysis of which will be undertaken in a future opinion, the Unites States was not in privity with the bank and therefore the action might ordinarily proceed against the government as the only defendant. See <u>In re Schimmels</u>, 127 F.3d 875, 881 (9th Cir. 1997) (discussing situations where

1

1  privity may apply). Nevertheless, the claims against the government may be barred by sovereign
2  immunity. The amended complaint states in regard to this defendant:

> Bank is a governmental actor, for due process purposes, so as to make goverment [sic] responsible for bank's actions, when bank acted under authorization of 'Expedited Fund Availability Act.' [Sic].

6  Am.Compl. at 2.

7      The United States, as a sovereign, may not be sued without its consent. See e.g.,
8  United States v. Dalm, 494 U.S. 596, 110 S. Ct. 1361, 1368 (1990). Such a waiver cannot be
9  implied and, therefore, must be unequivocally expressed. Id. The sovereign immunity of the
10 United States can be waived only if Congress enacts statutes consenting to suit. See, e.g., United
11 States v. Sherwood, 312 U.S. 584, 61 S. Ct. 767 (1941). Moreover, the government's consent to
12 be sued must be "'construed strictly in favor of the sovereign'" and "'not enlarge[d] ... beyond
13 what the language requires.'" United States Dept. of Energy v. Ohio, 503 U.S. 607, 112 S. Ct.
14 1627, 1633 (1992) (citations omitted). Where a suit has not been consented to by the United
15 States, dismissal of the action is required. See, e.g., Elias v. Connett, 908 F.2d 521 (9th
16 Cir.1990). Waiver of immunity must be demonstrated by the party suing the United States.
17 Holloman v. Watt, 708 F.2d 1399, 1401 (9th Cir. 1983).

18     It does not appear that the government has consented to suit for these types of
19 actions. Plaintiff will be given the opportunity to show why sovereign immunity should not bar
20 his complaint against the United States.

21     In accordance with the above, IT IS HEREBY ORDERED that plaintiff shall
22 show cause in thirty days why his complaint should not be dismissed against the United States
23 for the reasons stated above.

24 DATED: 6/25/07                                                  /s/ Gregory G. Hollows
25                                                      UNITED STATES MAGISTRATE JUDGE

GGH:076 - Portnoy2375.osc2
26