1

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT

8                   FOR THE EASTERN DISTRICT OF CALIFORNIA

9  SERGEI PORTNOY,

10          Plaintiff,                    No. CIV S-06-2375 LKK GGH PS

11      vs.

12  US BANK NA, et al.,

13          Defendants.              <u>FINDINGS AND RECOMMENDATIONS</u>

14  _____/

15          Plaintiff is proceeding pro se and in forma pauperis.  Presently before the court is

16  defendant U.S. Bank's motion to dismiss, filed August 28, 2007.[1]  Also outstanding is this

17  court's order to show cause why the amended complaint should not be dismissed against the

18  United States.  Plaintiff has opposed the motion to dismiss and responded to the show cause

19  order.

20  <u>BACKGROUND</u>

21          Plaintiff is a former U.S. Bank checking account customer who alleges that in

22  2004 the bank put a hold on his cash deposits so that these funds became unavailable, returned

23  two checks as "NSF," charged him an NSF fee of $36, closed his account, and removed the hold.

24  He was later threatened with arrest for a "bad cashier check."  Am. Compl. at 2.  Although not

25  _____

26      [1]  Although noticed for hearing, the matter was taken under submission without oral
    argument.

                                        1

entirely clear, it appears that he was later sued in a civil action by the bank, and that action was later dismissed.  Plaintiff includes the United States as a second defendant, claiming that the government is responsible for the bank's actions under the "Expedited Fund Availability Act."  Plaintiff seeks damages.  This action was filed on October 27, 2006, and is proceeding on the amended complaint, filed June 11, 2007.

This court has now issued two show cause orders in the case, based on information that plaintiff previously filed another action based on the same claims against U.S. Bank.  Plaintiff was directed to show cause why the complaint should not be dismissed based on res judicata in regard to the bank, and sovereign immunity in regard to the United States.  Orders, filed December 15, 2006, June 25, 2007.  Plaintiff filed responses to the show cause orders, but before the court could address them, defendant U.S. Bank filed the instant motion to dismiss.  Therefore, the court will address both the motion to dismiss and the show cause orders in regard to defendant United States.

DISCUSSION

I.  Motion to Dismiss (U.S. Bank)

    A.  Legal Standard For Motion To Dismiss

A complaint should not be dismissed under Rule 12(b)(6) unless it appears beyond doubt that plaintiff can prove no set of facts in support of its claims which would entitle plaintiff to relief.  NOW, Inc. v. Schiedler, 510 U.S. 249, 256, 114 S. Ct. 798, 803 (1994); Cervantes v. City of San Diego, 5 F.3d 1273, 1274-75 (9th Cir. 1993).  Dismissal may be based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

The complaint's factual allegations are accepted as true.  Church of Scientology of California v. Flynn, 744 F.2d 694 (9th Cir.1984).  The court construes the pleading in the light most favorable to plaintiff and resolves all doubts in plaintiff's favor.  Parks School of Business, Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir.1995).  General allegations are presumed to

1   include specific facts necessary to support the claim.  <u>NOW</u>, 510 U.S. at 256, 114 S. Ct. at 803,

2   quoting <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 561, 112 S. Ct. 2130, 2137 (1992).

3   　　　　　The court may disregard allegations contradicted by the complaint's attached

4   exhibits.  <u>Durning v. First Boston Corp.</u>, 815 F.2d 1265, 1267 (9th Cir. 1987); <u>Steckman v. Hart</u>

5   <u>Brewing, Inc.</u>, 143 F.3d 1293, 1295 (9th Cir.1998).  Furthermore, the court is not required to

6   accept as true allegations contradicted by judicially noticed facts.  <u>Mullis v. United States</u>

7   <u>Bankruptcy Ct.</u>, 828 F.2d 1385, 1388 (9th Cir. 1987).  The court may consider matters of public

8   record, including pleadings, orders, and other papers filed with the court.  <u>Mack v. South Bay</u>

9   <u>Beer Distributors</u>, 798 F.2d 1279, 1282 (9th Cir. 1986), <u>abrogated</u> <u>on</u> <u>other</u> <u>grounds</u> <u>by</u> <u>Astoria</u>

10  <u>Federal Savings and Loan Ass'n v. Solimino</u>, 501 U.S. 104, 111 S. Ct. 2166 (1991).  "The court

11  is not required to accept legal conclusions cast in the form of factual allegations if those

12  conclusions cannot reasonably be drawn from the facts alleged."  <u>Clegg v. Cult Awareness</u>

13  <u>Network</u>, 18 F.3d 752 (9th Cir. 1994).  Neither need the court accept unreasonable inferences, or

14  unwarranted deductions of fact.  <u>See</u> <u>Western Mining Council v. Watt</u>, 643 F.2d 618, 624 (9th

15  Cir. 1981).

16  　　　　　Pro se pleadings are held to a less stringent standard than those drafted by lawyers.

17  <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595-96 (1972).  Unless it is clear that no

18  amendment can cure its defects, a pro se litigant is entitled to notice and an opportunity to amend

19  the complaint before dismissal.  <u>See Lopez v. Smith</u>, 203 F.3d 1122, 1127-28 (9th Cir.2000) (en

20  banc); <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987).

21  　　B.  <u>Analysis</u>

22  　　　　　As this court previously stated in its first show cause order, the court's own

23  records reveal that plaintiff filed another action on September 3, 2004 which contained most of

24  the same allegations against US Bank.  Although this case adds the United States as an additional

25  defendant not named in that prior case, the claims are almost the same.  (No. Civ.S-04-1850 DFL

26  \\\\\

1  DAD PS).[2]  The earlier action was terminated in defendant's favor on summary judgment, and

2  the Court of Appeals for the Ninth Circuit affirmed the judgment.

3         Under the doctrine of res judicata, "'[a] final judgment on the merits bars a

4  subsequent action between the same parties or their privies over the same cause of action.'"  The

5  Fund for Animals, Inc. v. Lujan, 962 F.2d 1391, 1398 (9th Cir. 1992), quoting Davis & Cox v.

6  Summa Corp., 751 F.2d 1507, 1518 (9th Cir. 1985).  The doctrine of res judicata consists of two

7  concepts, issue preclusion, or collateral estoppel, and claim preclusion, or res judicata.  Migra v.

8  Warren City School District Board of Education, 465 U.S. 75, 77 n.1 (1984).  "Issue preclusion

9  [collateral estoppel] refers to the effect of a judgment in foreclosing relitigation of a matter that

10  has been litigated and decided."  Id.  "Claim preclusion [res judicata] refers to the effect of a

11  judgment in foreclosing litigation of a matter that never has been litigated, because of a

12  determination that it should have been advanced in an earlier suit."  Id.  "Claim preclusion [res

13  judicata] bars the assertion of any theory of recovery that could have been asserted in the first

14  action."  Fund for Animals, at 1398, citing Robi v. Five Platters, Inc., 838 F.2d 318, 322 (9th Cir.

15  1988).

16         In the previous action, plaintiff alleged several claims in his second amended

17  complaint, but only one federal claim: that U.S. Bank violated 12 C.F.R. § 229 when it declined

18  to make funds available from cash plaintiff had deposited.

19         The amended complaint in this action alleges a host of state law claims, but the

20  federal claims include constitutional violations for seizure of property (Fourth Amendment),

21  deprivation of due process (Fifth Amendment), and the Seventh Amendment.  Other claims on

22  plaintiff's laundry list are for violations of the "Expedited Fund Availability Act," the

23  "Competitive Equality Banking Act," The Federal Reserve Board Regulations," and the Civil

24  Rights Act.

25  _____

26      [2]  A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

4

1    Despite the addition of new federal theories of recovery, the amended complaint

2    contains the same factual allegations as raised in the previous action, namely that on March 13,

3    2004, plaintiff made several cash deposits to his U.S. Bank account at an ATM, that on March

4    15, 2004, the cash deposits were posted to his checking account, that on March 15, 2004, U.S.

5    Bank put a hold on these funds so that he was unable to withdraw them on March 15 or 16, and

6    that U.S. Bank wrongfully closed his account.  Am. Compl. at 2; Civ.S. 04-1850 DFL DAD PS,

7    Second Am. Compl.

8    Based on the principle of res judicata, the amended complaint is barred vis-a-vis

9    U.S. Bank.  The legal theories alleged in the instant case could have been brought in the previous

10    action.

11    An exception to res judicata is where there is extrinsic fraud. E. & J. Gallo Winery

12    v. Gallo Cattle Co., 967 F.2d 1280, 1287 (9th Cir. 1992).  Fraud is extrinsic where "it prevents a

13    party from having an opportunity to present his claim or defense in court or deprives a party of

14    his day in court."  Bailey v. Internal Revenue Service, 188 F.R.D. 346, 354 (D. Az. 1999).  If a

15    party was kept ignorant of a lawsuit, induced not to appear, where a claim or defense was

16    concealed from a party, or where a judgment was obtained against a party through coercion or

17    duress, extrinsic fraud may be established.  Conversely, intrinsic fraud goes to the merits of the

18    original action such as where perjury or altered or forged documents were used.  Id.  A judgment

19    can not be set aside where there is intrinsic fraud because the defrauded party had an opportunity

20    to present his case and protect himself from the fraud but unreasonably failed to do so.  Id.  The

21    judgment will not be set aside in such cases because the fraud should have been discovered

22    during the litigation.  Id.

23    Generally, a claim of fraud must be raised through a motion for relief from

24    judgment under Fed. R. Civ. P. 60(b) within a year after judgment.  There is a savings clause in

25    that rule which provides for an independent action to relieve a party from judgment, but the

26    burden of proof of fraud is on the moving party who must show by clear and convincing evidence

1    that he was prevented from fully and fairly presenting his case.  Id. at 353.  Such relief through an

2    independent action is only rarely permitted where there are unusual and exceptional

3    circumstances.  Id. at 355.  "The type of fraud necessary to sustain an independent action

4    attacking the finality of a judgment is narrower in scope than that which is sufficient for relief by

5    timely motion."  Id.

6           The amended complaint states that defendant's summary judgment motion in the

7    previous case was supported by fraud.  Am. Compl. at 2.  Plaintiff does not elaborate.  Plaintiff

8    did not bring a Rule 60(b) motion in the previous case within a year of that court's judgment.

9    Moreover, plaintiff's allegations do not constitute extrinsic fraud.  The amended complaint

10    charges that "defendant filed 'motion for summary judgment' and supported motion by fraud.

11    Fraudly [sic] motion was accepted by court and case was dismissed ...."  Am. Compl. at 2.  These

12    allegations, which imply that U.S. Bank submitted forged documents or perjured declarations in

13    support of its dispositive motion, are precisely the type which are defined as intrinsic fraud.  See

14    Bailey, 188 F.R.D. at 354.

15           To the extent that plaintiff claims the magistrate judge's findings and

16    recommendations in the earlier case were erroneous, plaintiff had the opportunity to raise that

17    argument on appeal and have it adjudicated by the Ninth Circuit Court of Appeals.  Basombrio

18    Dec., Ex. F.  In fact, the Ninth Circuit found the questions raised on appeal were so insubstantial

19    that further argument was not required.  Id.

20    II.  Defendant United States

21           Although the United States has not made an appearance in this case, the court

22    screened the amended complaint in regard to this defendant, and issued an order to show cause

23    why claims against the government should not be dismissed based on sovereign immunity.

24    Order, filed June 25, 2007.  The United States was not in privity with the bank and therefore the

25    action might ordinarily proceed against the government as the only defendant.  See In re

26    Schimmels, 127 F.3d 875, 881 (9th Cir. 1997) (discussing situations where privity may apply).

1        The amended complaint states in regard to this defendant:

2        Bank is a governmental actor, for due process purposes, so as to

3        make goverment [sic] responsible for bank's actions, when bank
acted under authorization of 'Expedited Fund Availability Act.'

4        [Sic].

5  Am.Compl. at 2.  In his response to the show cause order, plaintiff contends that claims under the

6  Civil Rights Act are not subject to sovereign immunity, and that the United States has waived

7  sovereign immunity to a limited extent under the FTCA and the Tucker Act.

8        Federal district courts are courts of limited jurisdiction.  U.S. Const. Art. III, § 1

9  provides that the judicial power of the United States is vested in the Supreme Court, "and in such

10  inferior Courts as the Congress may from time to time ordain and establish."  Congress therefore

11  confers jurisdiction upon federal district courts, as limited by U.S. Const. Art. III, § 2.  See

12  Ankenbrandt v. Richards, 504 U.S. 689, 697-99, 112 S. Ct. 2206, 2212 (1992).  Since federal

13  courts are courts of limited jurisdiction, a case presumably lies outside the jurisdiction of the

14  federal courts unless proven otherwise.  Kokkonen v. Guardian Life Ins. Co. of America, 511

15  U.S. 375, 376-78, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994).  Lack of subject matter

16  jurisdiction may be raised at any time by either party or by the court.  See Attorneys Trust v.

17  Videotape Computer Products, Inc., 93 F.3d 593, 594-95 (9th Cir. 1996).

18        The United States, as a sovereign, may not be sued without its consent.  See e.g.,

19  United States v. Dalm, 494 U.S. 596, 110 S. Ct. 1361, 1368 (1990).  Such a waiver cannot be

20  implied and, therefore, must be unequivocally expressed.  Id.  The sovereign immunity of the

21  United States can be waived only if Congress enacts statutes consenting to suit.  See, e.g., United

22  States v. Sherwood, 312 U.S. 584, 61 S. Ct. 767 (1941).  Moreover, the government's consent to

23  be sued must be "'construed strictly in favor of the sovereign'" and "'not enlarge[d] ... beyond

24  what the language requires.'"  United States Dept. of Energy v. Ohio, 503 U.S. 607, 112 S. Ct.

25  1627, 1633 (1992) (citations omitted).   Where a suit has not been consented to by the United

26  States, dismissal of the action is required.  See, e.g., Elias v. Connett, 908 F.2d 521 (9th

1   Cir.1990).   Waiver of immunity must be demonstrated by the party suing the United States.

2   Holloman v. Watt, 708 F.2d 1399, 1401 (9th Cir. 1983).

3           The Tucker Act does waive sovereign immunity, but only in the United States

4   Court of Federal Claims.   28 U.S.C. § 1491(a)(1).   Therefore, this court has no jurisdiction to

5   hear claims brought under the Tucker Act.   Transohio Sav. Bank v. Director, Office of Thrift

6   Supervision, 967 F.2d 598, 601 (D.C. Cir. 1992).

7           The FTCA waives the sovereign immunity of the United States for actions in tort.

8   The FTCA also provides that before an individual can file an action against the United States in

9   district court, he must seek an administrative resolution of the claim.   28 U.S.C. § 2675(a)

10  provides, in relevant part,

11              An action shall not be instituted upon a claim against the United
                States for money damages for injury or loss of property or personal
12              injury or death caused by the negligence or wrongful act or
                omission of any employee of the Government while acting within
13              the scope of his office or employment, unless the claimant shall
                have first presented the claim to the appropriate Federal agency and
14              his claim shall have been finally denied by the agency in writing
                and sent by certified or registered mail.

15

16          Plaintiff has not alleged that he filed an administrative tort claim against the

17  United States.   Therefore, his tort claim against the government should be dismissed.

18          Plaintiff's claim under the Civil Rights Act also fails.   In order to state a claim

19  under § 1983, a plaintiff must allege that:   (1) defendant was acting under color of state law at the

20  time the complained of act was committed; and (2) defendant's conduct deprived plaintiff of

21  rights, privileges or immunities secured by the Constitution or laws of the United States.   42

22  U.S.C. § 1983; see West v. Atkins, 487 U.S. 42, 48 (1988).   If the United States was acting at all,

23  it was not acting under color of state law in regard to plaintiff's allegations.

24          In regard to the Expedited Fund Availability Act, plaintiff can state no claim as

25  the EFAA requires that an action be between a "depository institution" and "any person other

26  than another depository institution."   12 U.S.C. § 4010(a).   Here, plaintiff is trying to impose

8

liability on the government, not a depository institution.

CONCLUSION

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1.  Defendant U.S. Bank's motion to dismiss, filed September 19, 2007, be granted;

2.  The United States be dismissed for lack of jurisdiction; and

3.  This action be dismissed with prejudice.

DATED: 11/30/07

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

GGH:076 - Portnoy2375.mtd